# EXHIBIT  1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Klean Kanteen, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Richard Staychock and Kathleen MacKay Staychock

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
Superior Court of California
County of Butte

FEB 1 4 2017

Kimberly Flener, Clerk
By _____, Deputy

C LOZANO-DIGGINS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* North Butte County Courthouse

**CASE NUMBER:**
*(Número del Caso):* 17CV00378

1775 Concord Avenue
Chico, California 95928

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benjamin N. Simler, PO Box 8749, Denver, CO 80201-8749, (303) 295-8000, bnsimler@hollandhart.com

DATE: FEB 1 4 2017          Clerk, by                           , Deputy
*(Fecha)*     KIMBERLY FLENER    *(Secretario)*   C LOZANO-DIGGINS     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Klean Kanteen, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 4/17/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Benjamin N. Simler (SBN 273778)
Holland & Hart LLP
PO Box 8749
Denver, Colorado 80201-8749
TELEPHONE NO.: 303-295-8000    FAX NO.:
ATTORNEY FOR *(Name):* Richard Staychock & Kathleen MacKay Staychock

FOR COURT USE ONLY

Superior Court of California
County of Butte

FEB 14 2017

Kimberly Flener, Clerk
LOZANO-DIGGINS Deputy

FILE BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Butte
STREET ADDRESS: 1775 Concord Avenue, Chico, California 95928
MAILING ADDRESS: 1775 Concord Avenue
CITY AND ZIP CODE: Chico 95928
BRANCH NAME: North Butte County Courthouse

CASE NAME:
Richard Staychock & Kathleen MacKay Staychock v Klean Kanteen, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder | 17CV 00378 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Four
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/13/2017

Benjamin N. Simler (SBN 273778)
_____
(TYPE OR PRINT NAME)                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1   Benjamin N. Simler (SBN 273778)
    Holland & Hart LLP
2   PO Box 8749
    Denver, CO 80201-8749
3   Telephone:  (303) 295-8000
    Facsimile:   (303) 975-5341
4   E-mail: bnsimler@hollandhart.com

5   *Attorneys for Plaintiffs*
    *Richard Staychock and Kathleen Staychock*
6

F I L E D
Superior Court of California
County of Butte

FEB 14 2017

Kimberly Flener, Clerk
By C. LOZANO-DIGGINS Deputy

7

8             SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE

9   RICHARD STAYCHOCK, and
    KATHLEEN MACKAY STAYCHOCK,
10

        Plaintiffs,
11
  v.
12
  KLEAN KANTEEN, INC., a corporation,
13
        Defendant.
14

15

16

17

**CASE NO. 17CV00378**

**COMPLAINT FOR (1) BREACH OF CONTRACT; (2) BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING; (3) BREACH OF FIDUCIARY DUTY; AND (4) UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

**JUDGE:**

**DEPT:**

*FILE BY FAX*

18       Plaintiffs, Richard Staychock and Kathleen Mackay Staychock, by and through their

19 attorneys Holland & Hart LLP, hereby submit their Complaint against Defendant Klean Kanteen,

Inc., as follows:

20       1.     Plaintiff Richard Staychock is a natural person residing in Chico, California.

21

22       2.     Plaintiff Kathleen MacKay Staychock is a natural person residing in Chico,

California.

23       3.     Defendant Klean Kanteen, Inc. is a California corporation with its principal place

24 of business at 3960 Morrow Lane, Chico, California 95928.

25       4.     This Court is a proper court because: (1) a defendant entered into and breached a

26 contract here; (2) the contract was to be performed in substantial part here; and, (3) a defendant

27 is a corporation with is principal place of business here.

28

1

COMPLAINT & JURY DEMAND

5.     On or about December 21, 2009, after extensive negotiations, Plaintiffs Richard Staychock and Kathleen Mackay Staychock ("the Staychocks") and Defendant Klean Kanteen, Inc. ("Klean Kanteen") entered into a contractual agreement ("the Contract"), a true and correct copy of which is attached hereto as **Exhibit A**.

6.     Pursuant to the Contract, Klean Kanteen received, *inter alia*, worldwide rights to manufacture, sell, and market a line of stainless steel baby and toddler drinking bottle kits invented, designed, tested, and market researched by and/or on behalf of the Staychocks ("the Staychocks's Bottles").

7.     In exchange for these valuable rights, know-how, and valuable information, Klean Kanteen was obligated, *inter alia*, to undertake all reasonable efforts to manufacture, promote, market, distribute, and sell the Staychocks's Bottles, to meet quarterly with the Staychocks to develop and review its sales and marketing plans and projections, and was obligated to pay running royalties to the Staychocks based on the resulting gross sales revenues.

8.     Plaintiffs are informed and believe and based on such information and belief allege that at the time the parties entered into the Contract, Klean Kanteen had an enormously profitable opportunity to become a dominant seller of non-plastic baby and toddler drinking bottles, and had the resources to fulfill its contractual obligation to make all reasonable efforts to commercialize the Staychocks's Bottles, but that Klean Kanteen deliberately chose not to do so.

9.     Following the execution of the Contract, Plaintiffs are informed and believe and based on such information and belief allege that Klean Kanteen failed to undertake reasonable efforts to manufacture, promote, market, distribute, and sell the Staychocks's Bottles.

10.    In fact, Plaintiffs are informed and believe and based on such information and belief allege that Klean Kanteen made almost no effort to promote, market, distribute, or sell the Staychocks's Bottles at any time.

11.    Plaintiffs are informed and believe and based on such information and belief allege that as a direct result of Klean Kanteen's failure to undertake reasonable promotional and

2

COMPLAINT & JURY DEMAND

1   marketing efforts, national and international retailers, including at least Target, have refused to

2   carry and sell the Staychocks's Bottles.

3        12.    Plaintiffs are informed and believe and based on such information and belief

4   allege that Klean Kanteen refused to enter into commercially reasonable distribution and sales

5   agreements with others that expressed interest in selling the Staychocks's Bottles, including at

6   least The Honest Company.

7        13.    The Staychocks also requested to hold quarterly meetings specified in the

8   Contract to develop marketing and sales plans and projections for Staychocks's Bottles. But,

9   contrary to its contractual obligations, Klean Kanteen refused to meet with the Staychocks.

10       14.    At first, Klean Kanteen ignored those requests. Then, after the Staychocks's

11  repeated their requests, Klean Kanteen refused to hold those meetings in a timely manner and

12  refused to allow the relevant personnel to attend such meetings.

13       15.    In response to the Staychocks's requests that Klean Kanteen live up to its

14  contractual obligations, and after the market opportunities for the Staychocks to commercialize

15  their invention already had substantially diminished as a result of Klean Kanteen's inaction in

16  commercializing the Staychocks's Bottles, Klean Kanteen in bad faith demanded that the

17  Contract be made non-exclusive and unilaterally demanded that its payment obligations be

18  dramatically reduced below the already diminished amounts that Klean Kanteen would have paid

19  and would have been required to pay in the future had Klean Kanteen undertaken all reasonable

20  efforts to commercialize the Staychocks's Bottles.

21       16.    The Contract expressly prohibits any party from terminating or altering the

22  agreement without all other parties' signed and written consent. Nevertheless, in response to the

23  Staychocks's requests that Klean Kanteen perform its obligations, Klean Kanteen also threatened

24  to terminate the Contract unilaterally unless the Staychocks acquiesced to Klean Kanteen's

25  unreasonable demands.

26       17.    Although the Staychocks refused Klean Kanteen's demands, Klean Kanteen

27  nevertheless made minimal payments to the Staychocks according to its own unilateral,

28

3

COMPLAINT & JURY DEMAND

unreasonable, and bad faith royalty offer, based on sales that also would have been substantially higher but for Klean Kanteen's failure to undertake all reasonable efforts to commercialize the Staychocks's Bottles.

18.     The Staychocks received those payments under protest, and attempted to negotiate a resolution to these and other issues with Klean Kanteen.

19.     Klean Kanteen ignored the Staychocks's further communications. Rather than engage in good faith, Klean Kanteen simply and unilaterally discontinued any effort to sell, market, promote, or manufacture the Staychocks's Bottles, purported to unilaterally terminate the Contract, and began selling different, competing products instead.

20.     As a result of Klean Kanteen's actions (and inaction), the Staychocks have suffered substantial damages and Klean Kanteen has been unjustly enriched.

21.     The revenues Klean Kanteen received from the Staychocks's Bottles were substantially less than they otherwise would have been had Klean Kanteen performed its contractual obligations, and the resulting royalties Klean Kanteen paid to the Staychocks were substantially lower than they should have been.

22.     On information and belief, Klean Kanteen has failed to pay even the royalty amounts based on the sales it did generate in spite of its failure to perform its obligation to market and commercialize the Staychocks's Bottles.

23.     Furthermore, Plaintiffs are informed and believe and based on such information and belief allege that as a direct consequence of Klean Kanteen's contractual breaches and bad faith, and although the Staychocks's Bottles would have been highly successful as one of the first such alternative materials baby and toddler bottles available to the relevant consumer market, the substantial commercial opportunities that once existed for the Staychocks's Bottles have now forever disappeared or been substantially diminished as competitors' products have infiltrated and/or saturated the market for such products.

**FIRST CAUSE OF ACTION**
**Breach of Contract**
*(By Both Plaintiffs Against Defendant Klean Kanteen, Inc.)*

24.     The Staychocks incorporate and realleage each of the foregoing paragraphs as if fully set forth herein.

25.     The Staychocks and Klean Kanteen entered into the Contract.

26.     The Staychocks substantially performed their obligations under the Contract Contract except those obligations they were prevented or excused from performing.

27.     As set forth above, Klean Kanteen breached its obligations under the Contract, including by, *inter alia*: refusing to hold quarterly meetings with the Staychocks to develop marketing and sales plans for the Staychocks's Bottles; failing to take all reasonable efforts to market, sell, promote, and manufacture the Staychocks's Bottles; failing to pay royalties; purporting to amend the terms of the Contract unilaterally and in the face of the STaychocks's objections; and purporting to unilaterally terminate the agreement.

28.     As a direct and proximate result of Klean Kanteen's breaches, the Staychocks have suffered damages.

**SECOND CAUSE OF ACTION**
**Breach of the Implied Duty of Good Faith and Fair Dealing**
*(By Both Plaintiffs Against Defendant Klean Kanteen, Inc.)*

29.     The Staychocks incorporate and realleage each of the foregoing paragraphs as if fully set forth herein.

30.     The Staychocks and Klean Kanteen entered into the Contract.

31.     The Staychocks substantially performed their obligations under the Contract except those obligations they were prevented or excused from performing.

32.     Klean Kanteen unfairly interfered with and frustrated the Staychocks's rights under, and prevented the Staychocks from receiving the benefits of, the Contract, including by, *inter alia*: refusing to hold quarterly meetings with the Staychocks or to allow the relevant personnel to attend such meeting so as to develop effective marketing and sales plans for the Staychocks's Bottles; refusing to undertake reasonable efforts to market, sell, promote, and

5

COMPLAINT & JURY DEMAND

manufacture the Staychocks's Bottles and eroding or eliminating the potential for the future success of the Staychocks's Bottles; demanding the Staychocks acquiesce to Klean Kanteen's demands to amend the terms of the Contract in a manner that deprived the Staychocks of the benefit of the Contract; and selling alternative, competing products instead of the Staychock Bottles.

33.    As a direct and proximate result of Klean Kanteen's breaches, the Staychocks have suffered damages and Klean Kanteen has been unjustly enriched.

**THIRD CAUSE OF ACTION**
**Breach of Fiduciary Duty**
*(By Both Plaintiffs Against Defendant Klean Kanteen, Inc.)*

34.    The Staychocks incorporate and reallege each of the foregoing paragraphs as if fully set forth herein.

35.    The Contract created a relationship akin to a partnership and/or joint venture between the Staychocks and Klean Kanteen for the purpose of commercializing and ensuring the commercial success of the Staychocks's Bottles.

36.    Klean Kanteen had a fiduciary duty to the Staychocks, as a partner and/or joint venture, or as an agent of the Staychocks's, to act with loyalty and with the utmost good faith in promoting, marketing, selling, and manufacturing the Staychocks's Bottles.

37.    Klean Kanteen breached its fiduciary duties, including by, *inter alia*: refusing to hold quarterly meetings with the Staychocks or to allow the relevant personnel to attend such meeting so as to develop effective marketing and sales plans for the Staychocks's Bottles; refusing to undertake reasonable efforts to market, sell, promote, and manufacture the Staychocks's Bottles and eroding or eliminating the potential for the future success of the Staychocks's Bottles; and selling alternative, competing products instead of the Staychock Bottles.

38.    As a direct and proximate result of Klean Kanteen's breaches, the Staychocks have suffered damages and Klean Kanteen has been unjustly enriched.

COMPLAINT & JURY DEMAND

6

39. Klean Kanteen's breaches of its fiduciary duties were willfull, wanton, and/or done with with reckless disregard to the rights of the Staychocks.

### FOURTH CAUSE OF ACTION
#### Unjust Enrichment
*(By Both Plaintiffs Against Defendant Klean Kanteen, Inc.)*

40. The Staychocks incorporate and realleage each of the foregoing paragraphs as if fully set forth herein.

41. Klean Kanteen has taken advantage of its own wrong and has been unjustly enriched at the Staychocks's expense, *inter alia* by unfairly competing against the Staychocks, by selling baby and toddler bottles other than the Staychocks's Bottles, and by ceasing the making, promoting, or selling the Stacychocks's Bottles.

42. Klean Kanteen's actions have been done willfully, wantonly, and/or with reckless disregard to the rights of the Staychocks.

43. As a direct and proximate result of Klean Kanteen's breaches, the Staychocks have suffered damages and Klean Kanteen has been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Richard Staychock and Kathy MacKay Staychock request that the Court enter judgment in their favor as follows:

(a) Granting temporary, preliminary, and permanent injunctive relief enjoining Klean Kanteen and each of its affiliates, subsidiaries, officers, directors, agents, servants, and employees to fully and specifically perform its obligations under the Contract and to cease selling, marketing, promoting, or manufacturing products competing with the Staychocks' Invention;

(b) Awarding to the Staychocks any and all general, consequential, and special damages and losses they suffered as a result of Klean Kanteen's conduct as set forth herein according to proof;

COMPLAINT & JURY DEMAND

    (c)    Imposing a constructive trust over, disgorging, and awarding to the Staychocks any and all any of Klean Kanteen's revenues and/or profits from its wrongful sales of baby and toddler bottles other than the Staychock Bottles;

    (d)    Awarding to the Staychocks their costs and expenses of this action, including their reasonable attorneys' fees according to proof;

    (e)    Awarding to the Staychocks pre-judgment and post-judgment interest on all damages recovered by or awarded to them;

    (f)    Awarding to the Staychocks punitive damages against Klean Kanteen; and,

    (g)    Granting such other and further relief as the Court deems equitable and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

DATED this 13th day of February, 2017.

Respectfully submitted,

Benjamin N. Simler (SBN 273778)
Holland & Hart LLP
PO Box 8749
Denver, CO 80201-8749
Telephone:    (303) 295-8000
Facsimile:    (303) 975-5341
E-mail: bnsimler@hollandhart.com

*Attorneys for Plaintiffs*
*Richard Staychock & Kathleen MacKay Staychock*

9560617_1

8

COMPLAINT & JURY DEMAND

# EXHIBIT A

COMPLAINT & JURY DXEMAND - EXHIBIT A

## LICENSE AGREEMENT

THIS AGREEMENT is made this 21 day of December, 2010 between Kathleen MacKay and Richard Staychock (Licensors) and Klean Kanteen a Cresslme: Scorporation (Licensee).

### Recitals

A.     Licensors are the owners of certain technology and know-how and intellectual property pertaining to **stainless steel baby and toddler drinking bottle kits for which Licensors have filed both a utility patent application 4/2009 and design patent application 6//2009** hereinafter referred to as the "Invention".

B.     Licensors desire to grant Licensee the <u>exclusive right</u> to manufacture, sell and market the Invention in the United States and internationally. Licensee desires to license the rights to manufacture (including subcontract via designated subcontractors) and market the Invention in the United States and internationally.

NOW, THEREFORE, in consideration of the premises and of the mutual covenants set forth herein, it is agreed by and between the parties as follows:

1.     *The Intellectual Property Rights.* Licensors defines its intellectual property rights (Rights) as those falling under the above referenced invention and shall also include subsequent trademark(s), if any obtained and any trade dress that results from the manufacture and marketing of the Invention.

2.     *Grant of License.* Licensors represent that they have full and complete authority to license the Rights to manufacture, sell and market the Invention in the US and internationally. Licensors *grant to* Licensee the *exclusive* Rights to manufacture, sell and market the Invention in the United States and internationally.

3.     *Royalty.* In consideration of this Agreement, during the first full year of sales, Licensee agrees to pay Licensors a monthly royalty based upon 7% of the gross sales revenue derived from the sales of the Invention. In year two of sales, Licensee agrees to pay Licensors 7% of the gross sales revenue derived from the sales of the Invention. In year three, Licensee agrees to pay 6% of the gross sales revenue derived from the sales of the invention. In year four and for the duration of sales, Licensee agrees to pay Licensors 5% of the gross sales revenue derived from the sales of the Invention.

For purposes of this Agreement, gross sales revenue will be calculated based on the amount stated on customer invoices issued by Licensee less discounts and returns and is payable by the 15th of every month following the close of any previous month. The royalty check will be accompanied by a sales report summary.

4.     *Maintaining Exclusivity:* If for any reason Licensee decides it no longer wishes to maintain its exclusive license, then this agreement shall become non-exclusive and Licensee's royalty rate will be subject to re-negotiation. Licensee will provide 90 day notice of infent.

5.     *Records.* Licensee agrees to maintain complete and accurate records of its manufacture and sale of goods subject to royalty and will request the same of any sub-licensee. Such records and other operations of Licensee or sub-licensee shall be available during ordinary

10

business hours for examination by an authorized employee or representative of Licensor.

6. *Pricing.* Licensee shall have the right to establish the price at which it will sell the Invention.

7. *Reimbursement of Costs.* Licensee agrees that it will reimburse Licensor for any agreed upon additional R&D costs incurred by Licensor on behalf of Licensee.

8. *Defending the Rights.* Licensee agrees to defend, up to a cost agreed upon by both parties, all the Rights owned and/or eventually protected by patent or other legal means by Licensors in the event of infringement in the field of Licensee's exclusive license. In the event of an award (which may also include damages) being granted Licensee for its lost sales and profits, Licensee agrees to pay Licensors 5% of the net award.

9. *Parties and Assignment.* This agreement shall be binding upon and inure to the benefit of and be enforceable by the parties or their successors or assigns. If Licensee wishes to transfer the license with the sale of its business, the licensee is required to negotiate a financial exit strategy with licensor prior to sale of business.

*OR* by transfer, in the event of which, the following terms shall apply:

Upon transfer of this agreement, the transferee shall execute a written document declaring it will: (i) assume all of the obligations undertaken by Licensee hereunder; (ii) acknowledge that it has satisfied itself that the Licensor's right to license same are valid and incontestable; and (iii) covenant not to directly or indirectly contest, challenge or deny the validity of any of Licensors' Rights in any forum or for any purpose.

10. *Insurance.* The Licensee shall procure and maintain comprehensive general liability insurance, naming Licensor as an additional insured, in an amount greater than or equal to $2,000,000 per incident, including product liability, personal liability, personal injury, property damage, and broad form contractual liability coverage for all acts and omissions directly or indirectly associated with this Agreement. Upon request of Licensors, Licensee shall provide written evidence, satisfactory to Licensor, of above-stated insurance.

11. *Indemnification.* The Licensee agrees to indemnify and hold harmless the Licensors and its heirs' successors, assigns and legal representatives for liability incurred to persons who are injured as a consequence of the use of any Invention manufactured by the Licensee or as a consequence of any defects in the Invention design.

12. *Reasonable Efforts.* The Licensee agrees to utilize all reasonable efforts to manufacture, promote, market, distribute and sell the Invention. Licensee agrees to meet quarterly with licensors to develop or review sales and marketing plans and projections.

13. *Amendment and Termination.* This agreement may be altered, amended or terminated only in writing and signed by both parties.

14. *Entire Agreement.* The parties agree that this Agreement contains the entire understanding and agreement between the parties with respect of the subject matter hereof, and supersedes all previous communications, proposals, representations, and agreements, whether oral or written, relating to the subject matter hereof.

15. *Severability and Rectification.* The parties acknowledge and agree that if any provision hereof violates or contravenes any law, such provision shall be deemed severed and not a part hereof, but the remainder hereof shall remain in full force and effect. In case of any mistake in this Agreement, including any error, ambiguity, illegality, contradiction, or omission, this Agreement shall be interpreted as is such mistake were rectified in a manner which

COMPLAINT & JURY DXEMAND - EXHIBIT A

implements the intent of the parties as nearly as possible and effects substantial fairness, considering all pertinent circumstances, and the remainder of the agreement shall remain in full force and effect.

16.     *Governing Law.* This Agreement shall be interpreted and construed under the laws of the State of California.

17.     *Signatures.*   The parties, having carefully read this Agreement and having consulted or been given the opportunity to consult counsel have indicated their agreement to all of the above terms by signing this Agreement on the respective dates below indicated. Each party acknowledges that they have received a copy of this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

Licensor

By: _____          12/21/09
    Licensor's authorized signature      Date

By: _____          12/21/2009
    Licensor's authorized signature      Date

Licensee

By: _____          12/21/09
    Licensee's authorized signature      Date

12

COMPLAINT & JURY DXEMAND - EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:   TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

☐ Butte County Courthouse
One Court Street, Oroville, CA  95965
(530) 532-7002

☒ North Butte County Courthouse
1775 Concord Avenue, Chico, CA  95928
(530) 532-7009

F I L E D
Superior Court of California
County of Butte

**FEB 1 4 2017**

Kimberly Flener, Clerk
By LOZANO-DIGGINS Deputy

PLAINTIFF(S):   RICHARD STAYCHOCK; KATHLEEN MACKAY STAYCHOCK

DEFENDANT (S):   KLEAN KANTEEN, INC

| **NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE** | CASE NUMBER:   17CV00378 |
|---|---|

1.    NOTICE is given of Assignment of the above entitled case for all purposes to:

Judge:   **Michael P Candela**                    Courtroom: **TBA**

2.    NOTICE is given that the Case Management Conference is scheduled as follows:

Date: **August 18, 2017**          Time:   **10:30 A.M.**          Court Facility: ■ CHICO (1775 CONCORD AVE, CHICO)

> **PLAINTIFF/CROSS COMPLAINANT MUST SERVE THIS NOTICE WITH SUMMONS AND COMPLAINT/CROSS COMPLAINT**

3.    You **must** file & serve a completed Case Management Statement at least fifteen days before the conference.

4.    You **must** be familiar with the case and be fully prepared to participate effectively in the Case Management Conference by personal or telephonic appearance.  (Telephonic appearances are arranged by calling Court Call at 1-888-882-6878).

5.    At the Case Management Conference, the court shall make pretrial orders, including but not limited to:
    a.    Establishing a discovery schedule.
    b.    Ordering the case to mediation or arbitration.
    c.    Dismissing fictitious defendants.
    d.    Scheduling exchange of expert witness information.
    e.    Setting subsequent conferences and the trial date.
    f.    Consolidating cases.
    g.    Severing trial of cross-complaints or bifurcating trial of issues.
    h.    Determining when demurrers, motions to strike and other motions are to be noticed.

    * * * Note:  Counsel and Parties Should Review CRC §3.720-3.730. * * *

> **\*\*Sanctions\*\***
>
> If you do not, (1) file the Case Management Statement, (2) attend the Case Management Conference personally or by telephone (or have counsel attend for you), and/or (3) you (or counsel appearing for you) do not participate effectively in the conference, the court may impose sanctions (including dismissal of the case and payment of money).

I declare under penalty of perjury that I am not a party to this action, am at least 18 years of age and that I personally counsel a copy of this Notice of Assignment & Case Management Conference with the conference date and hearing time inserted to <u>Benjamin Nichols Simler</u>, a person representing the plaintiff/cross-complainant.

Date: February 14, 2017                    Kimberly Flener, Clerk of the Court, by Claudia Lozano-Diggins, Deputy.

(DR.030)
Mandatory

(A.D. 5-6-15)

NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                              FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)     ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                              Time:                    Dept.:              Div.:                  Room:

Address of court *(if different from the address above):*

☐  **Notice of Intent to Appear by Telephone,  by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☐   This statement is submitted by party *(name):*
    b.  ☐   This statement is submitted **jointly** by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.   The complaint was filed on *(date):*
    b.  ☐   The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐   The following parties named in the complaint or cross-complaint
        (1)  ☐    have not been served *(specify names and explain why not):*

        (2)  ☐    have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐    have had a default entered against them *(specify names):*

    c.  ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4.  **Description of case**
    a.   Type of case in   ☐   complaint   ☐   cross-complaint       *(Describe, including causes of action):*

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐ days *(specify number):*
b.   ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                    f.   Fax number:
e.   E-mail address:                                        g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

# ALTERNATIVE DISPUTE RESOLUTION

# PACKET

KIMBERLY FLENER
Court Executive Officer
Superior Court of California, County of Butte
One Court Street
Oroville, CA  95965-3303
(530) 532-7009

This packet contains information regarding Alternative Dispute Resolution (ADR) and the form to stipulate to ADR.

**Note: This packet must be served to the opposing party along with the complaint.** *(California Rule of Court 3.221)*

## YOU DON'T HAVE TO GO TO TRIAL: Other Ways to Resolve a Civil Dispute

*Did you know that most civil lawsuits settle without a trial?  There are a number of ways to resolve civil disputes without having to go to trial.  These alternatives to a lawsuit are known as **Alternative Dispute Resolution (ADR)** an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner.*

*Butte County's ADR department is dedicated to helping you determine the type of ADR that is most likely to help you resolve your dispute.  For more questions, please contact Butte County Superior Court at (530) 532-7009 or visit our ADR website at* http://www.buttecourt.ca.gov/apps/CivilADR/Default.htm

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Are The Disadvantages Of Using ADR?

- *ADR may not be suitable for every dispute*
- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Loss of protections*– If ADR is binding, then you may give up some court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

### What types of Disputes are suitable for ADR?

ADR techniques have been used successfully in a variety of disputes:
- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

### Types of ADR Available in Butte County

- **Mediation (Local Rule 6)**
  In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. The mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests. Mediation often leads to better communication between the parties and lasting resolutions.

  > *Cases for Which Mediation May Be Appropriate*: Mediation may be particularly useful when parties have a relationship they want to preserve (family members, neighbors, business partners).  Mediation is also useful when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in a nondestructive manner.

> *Cases for Which Mediation May Not Be Appropriate:* Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

☐ *Arbitration* (Local Rule 6)
In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to litigate. *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. However, if that party does not receive a more favorable result at trial, they may have to pay a penalty.

> *Cases for Which Arbitration May Be Appropriate:* Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> *Cases for Which Arbitration May Not Be Appropriate:* If parties want to retain control over how their dispute is resolved, arbitration may not be appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

☐ *Settlement Conferences* (Local Rule 3)
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option.

## Neutral Selection

The selection of a neutral is an important decision. For your convenience, the court has made available a list of neutrals that can assist parties in resolving their disputes. The two-tiered panel is comprised of individuals that have met the requirements set forth by the court to provide dispute resolution services. Neutrals from the "Random Select" Panel will provide up to three hours of mediation free of charge and will be randomly assigned by the court. Neutrals from the "Party Select" Panel can be chosen by you and are available to assist you on a fee-for-service basis.

*Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.*

There are several types of ADR beside mediation, arbitration and settlement conferences, including case evaluation, conciliation, and mini-trials. The important thing is to try to find the type or types of ADR that are most likely to help you resolve your dispute.

## Who Should I Contact?
To locate a dispute resolution program or neutral in your community, call:
The Consumer Information Center at 1-800-952-5210;
The Butte County Bar Association at (530) 345-1940;
Look in the Yellow Pages under "Arbitrators" or "Mediators";
Or contact Butte County Superior Court at (530) 532-7009
http://www.buttecourt.ca.gov/apps/CivilADR/Default.htm

## BUTTE COUNTY SUPERIOR COURT PANEL MEDIATORS

### *Random Select* Mediators

Melissa Atteberry
Lorie Brooks
Sharon Cohen
O'Neil Dennis
Joel P. Franciosa
Anthony Galyean
Peter Geissler
Virginia Gingery
Mark Habib
Les Hait
John T. Harris
Kimberly Henderson
M. Brooks Houghton
David Howard
Mark Johnson
Gilbert Jones
Dawn Kusumoto
Joel Massae
Erin McIntosh
Miriam McNally
Chester Morris
David Murray
Michael Polsan
Alicia Rock
Michael Rooney
Deborah Schowalter
Joseph Selby
Frances Simmons
Jane Stansell
Kenneth Turner
Cheryl L. Tyree
Bobette Vassar
Erwin Williams
Martha Wilson
Elisabeth Woodward

### *Party Select* Mediators

Darrel Lewis
Kimberly Steffenson
John Zorbas

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

☐ Butte County Courthouse          ☐ North Butte County Courthouse
    One Court Street  Oroville, CA  95965          1775 Concord Avenue, Chico, CA  95926
    (530) 538-7002          (530) 532-7009

PETITIONER/PLAINTIFF(S):

RESPONDENT/DEFENDANT(S):

| **STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in Alternative Dispute Resolution (ADR) in the above-entitled action, as follows:

1.   ALTERNATIVE DISPUTE RESOLUTION PROCESS:

☐   Mediation

☐   Mediator assigned from the "Random Select" panel. *(Pursuant to Local Rule 6.8, mediators on the Court's "random select" panel will provide up to three (3) hours of mediation free of charge)*

☐   Mediator chosen by the parties from the "Party Select" panel. *(Pursuant to Local Rule 6.8, parties will be charged an amount as agreed upon by the mediator and will be the responsibility of the parties)*

☐   Private mediator chosen by the parties – not on Court panel.

**Mediator Name:** _____

☐  Non-Binding Arbitration
☐  Binding Arbitration

☐   Arbitrator chosen by the parties from the Court panel. *(Pursuant to Local Rule 6.8, parties will receive up to three hours of arbitration hearing time free of charge. Compensation for additional hours will be negotiated between the parties and the arbitrator and will be the responsibility of the parties)*

☐   Private arbitrator chosen by the parties – not on Court panel

**Arbitrator Name:** _____

Dated: _____

_____        _____        ▶ _____
Name of Stipulating Party        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney
☐ Plaintiff ☐Defendant ☐Cross-defendant

_____        _____        ▶ _____
Name of Stipulating Party        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney
☐ Plaintiff ☐Defendant ☐Cross-defendant

☐ Additional Signature(s) on reverse

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney