Mieke K. Malmberg [SBN 209992]
mmalmberg@skiermontderby.com
SKIERMONT DERBY LLP
800 Wilshire Boulevard, Suite 1450
Los Angeles, California 90017
(213) 788-4500
(213) 788-4545 (fax)

Sarah E. Spires [SBN 252917]
sspires@skiermontderby.com
SKIERMONT DERBY LLP
2200 Ross Avenue, Suite 4800W
Dallas, Texas 75201
(214) 978-6600
(214) 978-6601 (fax)

Attorneys for Richard Staychock and
Kathleen MacKay Staychock

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STAYCHOCK AND KATHLEEN MACKAY STAYCHOCK,<br><br>Plaintiffs,<br><br>vs.<br><br>KLEAN KANTEEN, INC., a corporation,<br><br>Defendant.<br>_____<br>KLEAN KANTEEN, INC., a corporation,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>RICHARD STAYCHOCK AND KATHLEEN MACKAY STAYCHOCK,<br><br>Counterclaim Defendants.<br>_____ | Case No.: 2:17-cv-01012-KJM-CMK<br><br>[Hon. Kimberly J. Mueller]<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER THEREON** |

**STIPULATION**

Whereas, the Parties agree that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, in order to facilitate the exchange of information and documents which may be protected from disclosure by federal laws, state laws, and privacy rights, which may be protected from disclosure by privileges such as alleged trade secret protections, and/or which may be protected from disclosure on the grounds that the documents or information allegedly constitute confidential, financial or other proprietary information, the parties stipulate and ask the Court to order as follows:

**DEFINITIONS**

1. Challenging Party: "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2. Party: "Party" means any plaintiff or defendant in this action, including its parent, subsidiary, or affiliated entities, and its respective agents, officers, directors and employees. Richard Staychock, Kathleen MacKay Staychock, and Klean Kanteen, Inc. are collectively referred to as the "Parties."

3. Material: "Material" means all documents, information, items, tangible things, pleadings, correspondence, discovery responses, writings, and testimony regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things).

4. Discovery Material: "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things,

testimony, transcripts, or tangible things) that are produced or generated in response to discovery directed towards a Party or Non-Party in this matter.

5. Designating Party: "Designating Party" means a Party or Non-Party that designates Material produced or utilized in this litigation by any Party or any Non-Party (pursuant to subpoena or otherwise) as Protected Material.

6. Receiving Party: "Receiving Party" means a Party that receives Material or Discovery Material or Protected Material from a Producing Party.

7. Producing Party: "Producing Party" means a Party or Non-Party that produces or discloses Material, Discovery Material or Protected Material in this action.

8. CONFIDENTIAL MATERIAL: "CONFIDENTIAL MATERIAL" means Material that qualifies for protection under Federal Rule of Civil Procedure 26(c); and/or Material which the Designating Party reasonably believes in good faith contains the Parties' confidential and proprietary information or material constituting a trade secret, the release of which the Designating Party reasonably believes in good faith would harm its business; and/or Material which is protected from disclosure by federal or state constitutional, statutory, and common law, including, but not limited to, rights of privacy of the parties to this action and of third parties.

9. Counsel (without qualifier): "Counsel" means Outside Counsel of Record (as well as their support staff). "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

10. House Counsel: "House Counsel" means attorneys who are employees of a Party to this action.

11. Expert: "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an

expert witness or as a non-testifying consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

12. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material is extremely sensitive Material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that cannot be avoided by less restrictive means.

13. <u>Non-Party</u>: "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

14. <u>Protected Material</u>: "Protected Material" means any Material or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."

## **DESIGNATION OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL**

15. <u>Criteria for Classification of CONFIDENTIAL Material</u>: Any Party or Non-Party may designate any Material as "CONFIDENTIAL" in accordance with the provisions of this Protective Order so long as the Party or Non-Party believes in good faith that the information so designated meets the definition of "CONFIDENTIAL" set forth in this Protective Order.

16. <u>Criteria for Classification of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material</u>: Any Party or Non-Party may designate any Material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the provisions of this Protective Order so long as the Party or Non-Party believes in good faith that the information so designated contains or discloses information that is of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed to them.

17. Time of Designation

Unless otherwise agreed between Counsel for the Parties, or as otherwise specified herein, the designation of "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material shall be made at the following times:

a. For documents, electronically-stored information, or tangible things, Producing Party shall designate such Materials consisting of production of documents or things as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production, unless provided otherwise by operation of applicable law, the Local Rules or court order;

b. For declarations, exhibits, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of service or time of filing, whichever occurs first;

c. For testimony, at the time such testimony is given by a statement designating the testimony as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" made on the record, or within twenty (20) days after receipt of the transcript of the testimony as set forth herein, unless provided otherwise by operation of applicable law, the Local Rules or court order. A Party also has the right to exclude any individuals who are not qualified to receive Protected Material prior to the use and/or discussion of such Protected Material during testimony (for example, by having such persons leave the room during a deposition while Protected Material is being discussed). Any Party seeking to use Protected Material during testimony must therefore give reasonable notice of the intent to use Protected Material prior to its introduction so that any required exclusions may take place;

d. Inadvertent Failures to Designate. Any inadvertent production of "CONFIDENTIAL" Material without a "CONFIDENTIAL" designation, or of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material without a "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation will not be deemed a waiver of the Producing Party's claim of confidentiality to the information. The Producing Party may later designate the Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if appropriate, and any Material so designated shall be treated from the time of that designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Such correction and notice thereof shall be made in writing within ten (10) days after discovery of the failure to designate, accompanied by appropriately designated substitute copies of each document, thing, or information. Those individuals who received the document, thing, or information before notice of failure by the Producing Party to properly designate shall, within fifteen (15) days of receipt of the substitute copies, (i) return or destroy all copies of the undesignated information in their possession, (ii) take all reasonable steps to ensure that any such undesignated information is recovered from any third parties to whom it may have been provided prior to notice, and (iii) provide a certification of counsel that all of the undesignated information in that individual's possession has been returned or destroyed.

18. <u>Manner of Designation</u>

The designation of "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material shall be made in the following manner:

    a. For documents, Producing Party shall place the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of such document;

    b. For tangible things, by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the object or container thereof or if impracticable, as otherwise agreed by the Parties;

    c. For electronically stored information, by embossing the pages produced in "TIFF" format with the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or, if impracticable, as otherwise agreed by the Parties;

d. For declarations, exhibits, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on any particular designated pages of such document, unless provided otherwise by operation of applicable law, the Local Rules or court order; and

e. For testimony, by orally designating such testimony as being "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as the time the testimony is given, unless provided otherwise by operation of applicable law, the Local Rules or court order. Alternatively, if a question asked at a pretrial deposition elicits Material that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," Counsel for the Party seeking confidential treatment of that information shall within twenty (20) days after receipt of the transcript of the deposition notify all other Counsel on the record or in writing that the information provided in such answer or question is considered "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and designate the specific portions or the entirety of the transcript of such deposition, which shall thereafter be subject to the provisions of this Protective Order. Prior to the expiration of this twenty (20) day period, deposition transcripts will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Thereafter, the original and all copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" portions of the transcript of any such testimony shall be separately bound and marked by the Court Reporter with an appropriate legend and shall be disclosed only in accordance with the provisions of this Protective Order.

19. <u>Resolution Of Disputes Regarding Designation.</u>

a. The acceptance by a Party of Material marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute an admission or concession or permit an inference that such designation is appropriate. However, Material marked

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated as designated unless the Parties follow the procedures set forth below to remove, change or otherwise declassify the designation, or the court orders otherwise:

    b. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of the notice described herein. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    c. A Challenging Party that elects to pursue a challenge to a confidentiality designation after considering the justification offered by the Designating Party during the meet-and-confer process may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the Local Rules and all applicable law, including to the extent not inconsistent the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue. Until the Court rules on the

- 8 -
STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

challenge, <u>or orders otherwise,</u> all parties shall continue to afford the Material in question the level of protection to which it is entitled under the designating Party's designation.

### **ACCESS TO PROTECTED MATERIAL**

20. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

21. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

22. <u>Disclosure of CONFIDENTIAL Material to Qualified Persons</u>

CONFIDENTIAL Material may be disclosed and copies may be provided by the Receiving Party only to the following "Qualified Persons":

    a. A Party's Counsel and/or House Counsel in this action (including, but not limited to, their paralegal, clerical, and secretarial staff and other support services including, but not limited to, outside copying services, document imaging and database services);

    b. A Party's representatives or employees whose assistance is required by the Party's Counsel and/or House Counsel for the purposes of this litigation, including but not limited to, an officer, director, or employee of a Party deemed necessary by the Party's Counsel and/or House Counsel to aid in the prosecution, defense, or settlement of this action;

    c. Any Non-Party trial support services including, but not limited to, graphics and design services, jury and trial consulting services (including mock jurors), court reporters,

mediators, arbitrators, and any other Non-Expert related support personnel whose services are reasonably necessary to assist Counsel in connection with this action, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    d. Experts (together with their clerical staff) retained by a Party or Counsel as necessary or useful for the preparation, prosecution or defense of this action, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    e. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court; and

    f. Any other person as to whom the Parties agree in writing.

It shall be the responsibility of Counsel who provides the CONFIDENTIAL Material to Qualified Persons to provide copies of this Protective Order to such persons.

23. <u>Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to Qualified Persons</u>. Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed and copies may be provided by the Receiving Party only to the following "Qualified Persons":

    a. A Party's Counsel (including, but not limited to, their paralegal, clerical, and secretarial staff and other support services including, but not limited to, outside copying services, document imaging and database services) in this action;

    b. Any Non-Party trial support services including, but not limited to, graphics and design services, jury and trial consulting services (including mock jurors), court reporters, mediators, arbitrators, and any other Non-Expert related support personnel whose services are reasonably necessary to assist Counsel in connection with this action who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

c. Experts (together with their clerical staff) retained by a Party or Counsel as necessary or useful for the preparation, prosecution or defense of this action, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

d. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court; and

e. Any other person as to whom the Parties agree in writing.

It shall be the responsibility of Counsel who provides the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to Qualified Persons to provide copies of this Protective Order to such persons.

24. <u>Additional Authorized Disclosure</u>

Notwithstanding any other provisions of this Protective Order, Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed and copies may be provided:

a. To persons who can be shown from the face of the document to have authored, prepared, or received the Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

b. To any other persons with the prior written consent of the Designating Party; and

c. To any other persons with the prior authorization of as so ordered by the Court.

25. <u>Inadvertent Production of Confidential Documents or Information.</u> The inadvertent production or disclosure to any unauthorized person of any Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not in itself constitute a waiver or impairment of any claim of confidentiality. Upon learning that

information protected from discovery has been inadvertently produced or disclosed, the Non-Producing party who received such information shall, within a reasonable time after discovering the inadvertent production, notify the Producing Party and/or Designating Party and immediately make good faith and reasonable efforts to reclaim any such document and copies thereof that may have been provided to any third party and/or to prevent further disclosures or dissemination of such information.

## **USE OF PROTECTED MATERIAL**

26. Any use of Protected Material at trial shall determined by the court upon the court's own motion or a motion of a party.

27. Material designated as ""CONFIDENTIAL" or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" and all copies, summaries, abstracts, excerpts, and descriptions of such Material, if permitted by this Order to have been created, shall be held in confidence by the Parties, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by any Party unless allowed under the terms of this Protective Order, and shall not be used for any purpose other than in connection with this action, including, but not limited to, personal, business, or competitive purposes, or for other lawsuits, claims or actions of any kind.

28. Where any Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" and all copies, summaries, abstracts, excerpts, and descriptions of such Material, if permitted by this Order to have been created, are included in any papers filed with the Court, the Parties will comply with Rule 141 of the Local Rules of the United States District Court for the Eastern District of California for filing records under seal and Judge Kimberly J. Mueller's Standing Order regarding Sealing and Protective Orders.

29. Nothing in this Protective Order shall affect the admissibility into evidence of Protected Material, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the

status of Protected Material. This Protective Order is without prejudice to any Party seeking an Order from this Court imposing further restrictions on the use or dissemination of Protected Material or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information. Nothing in this Protective Order shall prevent any Designating Party from using or disclosing its own Protected Material as it deems appropriate.

30. The designation of Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Party, or the failure by a Party to object to the designation of Material as such, shall not operate as a determination or admission that such Material does or does not constitute a trade secret, or other confidential or proprietary information of the Designating Party.

31. Nothing herein shall be construed to prevent disclosure of Protected Material if such disclosure is required by law or by order of the Court. However, if a Party or Non-Party is served with a subpoena or other legal process, or an order is issued in other proceedings, litigation or arbitration that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party or Non-Party must:

  a. Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

  b. Promptly notify the party who caused the subpoena or order to issue in the other litigation in writing that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

  c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  d. If the Designating Party timely seeks a protective order, the Party or Non-Party served with the subpoena or court order shall not produce any information designated in this action

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court or tribunal from which the subpoena or order issued, unless the Party or Non-Party has obtained the Designating Party's permission to produce the information in question. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## RETURN OF DOCUMENTS OR INFORMATION

32. No later than sixty (60) days after conclusion of this action, each Party or other individuals subject to this Protective Order shall be under an obligation to destroy or return to the Designating Party, at their request, any Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to this Protective Order that is in his, her, or its possession, custody or control, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notice of the destruction or return of any such Material shall be made by Counsel in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, Counsel shall be entitled to retain work product containing Protected Material, and/or archival litigation documents containing Protected Material which become part of the Court's record of this action, including pleadings, briefs, and exhibits. Any such work product and/or archival copies that contain or constitute Protected Material remain subject to this Protective Order.

## RIGHT TO ASSERT OTHER OBJECTIONS

33. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or any other grounds for not producing or disclosing any Material. Nothing in this Protective Order shall be construed to revive any waived objections, privileges or protections.

# SURVIVAL

34. All obligations and duties arising under this Protective Order shall survive the final disposition of this action until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Parties consent to the Court retaining jurisdiction over the Parties hereto and all Non-Party recipients of Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with respect to any dispute regarding the improper use of such Material disclosed pursuant to this Protective Order.

# AMENDMENT OF PROTECTIVE ORDER

35. This Protective Order may be amended by the written stipulation of the Parties approved by the Court upon a showing of good cause, or by the Court. Pending the determination of a request for modification or amendment of this Order, the Parties shall treat any documents and information at issue or in dispute as Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order until a decision is rendered by the Court.

Dated: September 28, 2017

Respectfully submitted,

| SKIERMONT DERBY LLP | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C. |
|---|---|
| /s/ *Mieke K. Malmberg* | /s/ *Evan S. Nadel (as authorized 9/28/16)* |
| Mieke K. Malmberg [SBN 209992] | Evan S. Nadel [SBN 213230] |
| mmalmberg@skiermontderby.com | enadel@mintz.com |
| SKIERMONT DERBY LLP | Philip C. Ducker [SBN 262644] |
| 800 Wilshire Boulevard, Suite 1450 | pcducker@mintz.com |
| Los Angeles, California 90017 | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C. |
| (213) 788-4500 | 44 Montgomery Street, 36th Floor |
| (213) 788-4545 (fax) | San Francisco, California 94104 |
| Sarah E. Spires [SBN 252917] | (415) 432-6000 |
| sspires@skiermontderby.com | (415) 432-6001 (fax) |
| SKIERMONT DERBY LLP | |
| 2200 Ross Avenue, Suite 4800W | Attorneys for Klean Kanteen, Inc. |
| Dallas, Texas 75201 | |
| (214) 978-6600 | |
| (214) 978-6601 (fax) | |

Attorneys for Richard Staychock and
Kathleen MacKay Staychock

**ORDER**

IT IS SO ORDERED.

Dated: October 12, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE