UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STAYCHOCK, and KATHLEEN MACKAY STAYCHOCK,<br><br>Plaintiffs,<br><br>v.<br><br>KLEAN KANTEEN, INC.,<br><br>Defendant. | No. 2:17-cv-01012-KJM-CMK<br><br><u>ORDER</u> |

The law firm Skiermont Derby, LLP ("Skiermont) moves to withdraw as counsel of record for plaintiffs Richard Staychock and Kathleen Mackay Staychock ("the Staychocks"). Mot., ECF No. 17; Mem., ECF No. 17-1. Defendant filed a statement of non-opposition. ECF No. 20. The Staychocks have not opposed. For the following reasons, the court GRANTS the motion to withdraw.

I. <u>LEGAL STANDARD</u>

If withdrawal would leave a client *in propria persona*, Local Rule 182(d) requires the withdrawing party to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared. The attorney must also provide an affidavit stating the current or last known address or address of the client and the efforts made

1

to notify the client of the motion to withdraw. *Id.* California Rule of Professional Conduct 3-700(A)(2) also requires an attorney to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [regarding release of a client's papers and property and return of unearned fees], and complying with applicable laws and rules." The Rules permit withdrawal if, as relevant here, (1) the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively," *id.* 3-700(C)(1)(d); (2) the client "breaches an agreement or obligation to the member as to expenses or fees," *id.* 3-700(C)(1)(f); or (3) "[t]he client knowingly and freely assents to termination of the employment," *id.* 3-700(C)(5).

The decision to grant or deny a motion to withdraw is within the court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted). Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

II. <u>DISCUSSION</u>

Here, Skiermont has established good cause for withdrawal, and has complied with the applicable local rules and rules of professional conduct.

Three factors support granting withdrawal. First, under the Skiermont's engagement agreement with the Staychocks, Skiermont agreed to represent the Staychocks only through the October 17, 2017 mediation, which has now concluded. Mem. at 2; Malmberg Decl., ECF No. 17-2, ¶ 2; *see, e.g.*, *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200 PSG (VBKX), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009) (noting agreement limiting the scope of representation to early settlement discussions or preparation of responsive pleading weighed in favor of granting motion to withdraw, though motion was denied for non-compliance with local rules); *see also* Cal. R. of Prof'l Conduct 3-400 cmt. (explaining rule

prohibiting an attorney from prospectively limiting liability to client for malpractice not "intended to prevent a member from reasonably limiting the scope of the member's employment or representation"); *Nichols v. Keller*, 15 Cal. App. 4th 1672, 1684 (1993) (applying same). Second, the Staychocks appear unwilling if not unable to pay the agreed-upon costs and expenses. Mem. at 3; Malmberg Decl. ¶ 4. With no opposition from plaintiffs or reason to doubt Malmberg's declaration, this weighs in favor of granting withdrawal. *Cf. Privacywear, Inc. v. QTS & CTFC, LLC*, No. EDCV071532VAPOPX, 2010 WL 11509227, at *2 (C.D. Cal. Apr. 21, 2010) (counsel's representation clients were "delinquent in the payment of fees" and had indicated they were "unable to, and will continue to be unable to, pay fees . . . ." supported granting motion to withdraw). Finally, Skiermont has shown continued representation would be unreasonably difficult because of "fundamental and irreconcilable differences regarding the strategies to pursue in this case." Mot. Withdraw at 3; Malmberg Dec. ¶ 5. After moving to withdraw, Skiermont elaborated on this point in a supplemental filing, noting the Staychocks did not respond to Skiermont's withdrawal motion and explaining there has been "a continued breakdown of the attorney client relationship" since the motion was filed. Skiermont Not., ECF No. 23. Skiermont also explains that recently, "the Staychocks communicate, strategize and conduct unprivileged settlement discussions and communications without including Skiermont Derby." *Id.* at ¶ 5.

The court also is satisfied that Skiermont's withdrawal complies with California Rule of Professional Conduct 3-700(A)(2), which requires that the attorney seeking withdrawal to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client[.]" The Staychocks have had due notice and ample time to employ other counsel because Skiermont agreed to represent them only through the October 17, 2017 mediation. Malmberg Decl. ¶ 2. Skiermont has informed the Staychocks of all impending dates in this matter and provided the Staychocks with copies of all pleadings, served discovery and discovery responses. *Id.* ¶ 10. Skiermont's withdrawal will not prejudice defendants, who filed a non-opposition to the request. *See* ECF No. 20. Further, withdrawal will not cause undue delay, as discovery recently began, no depositions have been requested or taken and discovery remains open for nearly five months. Mem. at 4; Sched. Order, ECF No. 11 at 2 ("All discovery shall be completed by April 26,

2018."). Considering the court recently granted the Staychocks' motion for leave to amend, ECF No. 25, the Staychocks may either proceed on their first amended complaint *pro se* or with new counsel.

Finally, Skiermont has satisfied Local Rule 182(d) by notifying the Staychocks of its impending motion to withdraw "on several occasions including October 20, 2017 and October 23, 2017" and providing in a declaration the Staychocks' current addresses. Malmberg Decl. ¶¶ 6-7.

III. CONCLUSION

For these reasons, the court GRANTS the motion to withdraw. Skiermont is ORDERED to serve on the Staychocks a copy of this order and file proof of service with the court within seven (7) days. Skiermont must comply with all obligations under California Rule of Professional Conduct 3-700(D).

The Staychocks are now proceeding *pro se*. The Clerk of the Court shall reflect as much on the court's docket. The case is referred to the assigned magistrate judge for future proceedings under Local Rule 302(c)(21).

IT IS SO ORDERED.

DATED: December 12, 2017.

_____
UNITED STATES DISTRICT JUDGE